## WILLIAMS v. SIMONS et al.

(Circuit Court of Appeals, Eighth Circuit. September 16, 1895.)

### No. 514.

1. PARTIES TO ACTIONS—INDEMNITY BOND.

The claimant of property attached by a sheriff as the property of another may sue in his own name on a bond of indemnity given to the sheriff, either as the real party in interest or by virtue of the statute of Arkansas (Mansf. Dig. § 3024).

2. FRAUDULENT CONVEYANCES—EVIDENCE.

In an action on an indemnity bond given to a sheriff upon attaching, as property of one N., certain goods claimed by plaintiffs, it appeared that N., a retail merchant, owed plaintiffs, wholesale merchants, about $4,000; that he sold his stock of goods to them for $2,000, credited on this indebtedness; that in a circular notice sent by plaintiffs, in accordance with their custom, shortly before this transaction, to their attorney, who also represented other creditors of N., plaintiffs had stated N.'s indebtedness as $54.46, but that this included only the amount due on open account, and

not two notes also outstanding; that previously N. had given plaintiffs a mortgage on certain land to secure the notes, which had not been recorded, but there was no evidence that the failure to record was due to any intent to defraud. *Held,* that there was nothing to impeach the bona fides of the sale by N. to plaintiffs.

In Error to the Circuit Court of the United States for the Eastern District of Arkansas.

This was an action by H. T. Simons, Charles R. Gregory, Edward A. Morse, and H. B. Miltenberger, partners as H. T. Simons, Gregory & Co., against R. D. Williams, on an indemnity bond. Plaintiffs recovered judgment in the circuit court. Defendant brings error. Affirmed.

H. T. Simons, Gregory & Co., the defendants in error, were wholesale merchants doing business at St. Louis, and were creditors of W. T. Nesbit, a retail merchant doing business in Arkansas, in about the sum of $4,000. On the 8th of December, 1892, H. T. Simons, Gregory & Co. purchased of Nesbit, in satisfaction of $2,000 of their debt against him, his stock of goods in his storehouse at Sulphur Rock, Ark.; Nesbit executing a bill of sale of the goods, and delivering the possession thereof to the purchasers. After the sale of the goods by Nesbit to H. T. Simons, Gregory & Co., but on the same day, the Schwab Clothing Company attached them as the property of Nesbit, and they were afterwards sold on that attachment. Before the sheriff would seize the goods on the order of attachment as the property of Nesbit, he required the Schwab Clothing Company to execute to him an indemnifying bond, which the plaintiff in error, R. D. Williams, signed as surety. The defendants in error brought suit on this bond against Williams. The answer of the defendant alleged (1) that the goods attached belonged to Nesbit, and that the sale thereof by Nesbit to H. T. Simons, Gregory & Co. was fraudulent and void as against the creditors of Nesbit; (2) that Nesbit executed to H. T. Simons, Gregory & Co. conveyances, which were by agreement between them withheld from record for the purpose of giving Nesbit a false credit; and (3) that the defendants in error sent a false and misleading telegram to their attorneys in Arkansas touching the Nesbit business, whereby their attorneys, who were also attorneys for other creditors of Nesbit, were induced to delay action against Nesbit on behalf of the other creditors until after the defendants in error had purchased the goods. There was a trial below, which resulted in a judgment for the defendants in error for the value of the goods, and the defendant, Williams, sued out this writ of error.

David Goldsmith (J. C. Yancey, John M. Moore, and Morris M. Cohn, on the briefs), for plaintiff in error.

George H. Sanders, for defendants in error.

Before CALDWELL, SANBORN, and THAYER, Circuit Judges.

CALDWELL, Circuit Judge, after stating the case as above, delivered the opinion of the court.

The objection that the plaintiffs below could not sue on the indemnity bond executed to the sheriff in their own names without an assignment thereof is groundless. As the real party in interest, the claimants of the property could maintain the suit in their own name. Moreover, the statute of Arkansas authorizing the sheriff to take indemnity bonds provides that the "claimant or purchaser may maintain an action upon the bond." Mansf. Dig. § 3024.

The evidence in the record shows that Nesbit owed H. T. Simons, Gregory & Co., at the date of the sale of the goods, something over

$4,000; that Nesbit sold the stock of goods to H. T. Simons, Gregory & Co. for the sum of $2,000, which was credited on his indebtedness to them. There is absolutely no evidence in the record tending to impeach the bona fides of this sale, unless these circumstances do it: H. T. Simons, Gregory & Co. were in the habit of sending out to their collecting agents and attorneys a circular letter advising them to look after their interests, and giving them the names of their debtors residing in the territory for which the agent or attorney addressed acted as their agent. In a memorandum at the bottom of one of these circular letters, sent out by the bookkeeper of H. T. Simons, Gregory & Co., in 1892, appears this entry:

| Name. | Town. | Amount. |
|---|---|---|
| W. T. Nesbit. | Sulphur Rock. | $54.46. |

The contention of the defendant below was that this sum represented the whole amount of Nesbit's indebtedness to H. T. Simons, Gregory & Co. at the date of the circular, but it was explained that the clerk sending out this circular simply included the amount then due on open account, and did not include two promissory notes executed by Nesbit to H. T. Simons, Gregory & Co., of date the 26th of January, 1891, each for the sum of $1,916.60. Nesbit also testified to the same facts. There was no evidence worthy of the attention of the court or jury tending to impeach the consideration or validity of these notes. The other circumstance relied upon to show fraud in the sale of the goods was the fact that on the 26th of January, 1891, Nesbit executed to H. T. Simons, Gregory & Co. a deed of trust on a parcel of land in Arkansas, worth from $500 to $700, to secure the payment of the two notes mentioned, and did not place the same on record. There is no evidence that this deed of trust was withheld from record in pursuance of any agreement or understanding between Nesbit and H. T. Simons, Gregory & Co. to that effect, or for the purpose of giving Nesbit a false credit, or for any other fraudulent purpose. The defendants in error testify it was not placed on record from oversight and neglect, and Nesbit testifies that he supposed it was placed on record right away after its execution. There was no evidence to the contrary of this. The omission to record the deed of trust under these circumstances was not a fraudulent act, nor a badge of fraud, because no fraud was intended by either party, and certainly not by H. T. Simons, Gregory & Co.

There is not a scintilla of evidence in the record from which any court or jury could say that H. T. Simons, Gregory & Co. withheld this deed of trust from the record for the purpose of giving Nesbit a false credit, or for any other fraudulent purpose. The laws of Arkansas reward the diligent creditor to the exclusion of all others, with the result that when the diligent or favored creditor of a failing debtor procures from the debtor a sale or conveyance of his property, in payment or part payment of his debt, all the other creditors of the debtor feel aggrieved, and are ready to assert that a preference thus obtained is a fraud upon them, and, while declaiming against preferences, at once sue out a writ of attachment, and seize the property sold by the debtor, in the hope that they may themselves obtain a

preference by upsetting the sale to the favored creditor. This is precisely what was attempted in this case. An extremely earnest and ingenious, but unavailing, effort was made by the plaintiff in error to find some ground upon which to rest the attack upon the sale of the goods to the defendants in error. The plaintiff in error asked for instructions, which, so far as they are law and applicable to the facts of the case, were embraced in the charge of the court in chief. There was no evidence at all of "a secret benefit intended in favor of said Nesbit by said sale," or "that Nesbit was induced to make the sale by reason of benefits to occur to himself"; and the court properly refused to give charges based upon hypotheses there was no evidence whatever to support.

The charge in chief expressed the law applicable to the facts of the case. The court, among other things, told the jury that, if the indebtedness of Nesbit to H. T. Simons, Gregory & Co. did not exceed the sum of $100, such a consideration was grossly inadequate and would render the sale of the goods absolutely void. It said to the jury:

"But fraud is not to be presumed, but must be proved to the satisfaction of the jury. Such proof, however, may be made by circumstances and by the acts of the parties charged with the perpetration of the fraud. To this end the court has admitted to your consideration testimony in relation to the execution of the bill of sale, the mortgage offered in evidence, and the report made by Nesbit to the commercial agency. None of these acts rendered the sale void if the consideration was the sum of $2,000, as contended by the plaintiffs, but are for your consideration in determining the question as to whether the sale was for that consideration or for the grossly inadequate one of $100, and the finality of a fraudulent collusion between the plaintiffs and Nesbit to defraud, hinder, and delay the creditors of Nesbit, contended for by defendant. This you are to determine from the testimony, of which you are the sole judges."

It is objected to this charge that it is too general. It is said that the court should have told the jury that the mortgage was wholly void if the purpose of the plaintiffs in keeping it off the record was to enable Nesbit to acquire a false credit with other merchants; and that it should have further told them that if, in furtherance of a purpose to thus build up a false credit for Nesbit, it was agreed between him and the plaintiffs that the plaintiffs should be preferred in case of his failure out of goods obtained on such credit, then a preference given in execution of such agreement was also void. There are several conclusive answers to these propositions. Assuming that they are good law, they are abstract as applied to this case, there being no evidence to justify their submission to the jury. But, if this were not so, it was not error in the court not to submit them to the jury, unless the defendant preferred a request to that effect. A request for instructions is necessary to entitle a party to avail himself of an omission to instruct. "It is no ground of reversal," says Mr. Justice Story in Pennock v. Dialogue, 2 Pet. 1, 15, "that the court below omitted to give directions to the jury upon any points of law which might arise in the cause when it was not requested by either party at the trial. It is sufficient for us that the court has given no erroneous directions. If either party deems any point presented by the evidence to be omitted in the charge, it is competent for said party to require an opinion

from the court upon that point. If he does not, it is a waiver of it." See, to the same effect, Express Co. v. Kountze, 8 Wall. 342, 353, 354; Shutte v. Thompson, 15 Wall. 151, 164; Railroad Co. v. Volk, 151 U. S. 73, 14 Sup. Ct. 239.

The judgment of the circuit court is affirmed, with costs and interest.