REARDON v. BALAKLALA CONSOL. COPPER CO. et al.

(Circuit Court, N. D. California. January 2, 1912.)

LIMITATION OF ACTIONS (§ 125*)—AMENDMENTS—PARTY PLAINTIFF—CHANGE OF CAPACITY.

Rev. St. § 954 (U. S. Comp. St. 1901, p. 696), provides that no summons, declaration, or other proceedings in civil causes in any court of the United States shall be abated, arrested, quashed, or reversed for any defect or want of form, but that the court shall proceed and give judgment according as the right of the cause and matter in law shall appear to it without regarding any such defect or want of form, except those which in cases of demurrer the party demurs and specially sets down, together with his demurrer, as the cause thereof, and such courts shall amend every such defect and want of form other than those which the party demurring so expresses, and may at any time permit either of the parties to amend any defect in the process or pleadings on such conditions as it shall prescribe. Civ. Code Cal. § 1970, requires an action for wrongful death to be brought in the name of decedent's legal representative for the benefit of his next of kin in a prescribed order of precedence. Decedent, alleged to have been wrongfully killed, left

---

*For other cases see same topic & § NUMBER in Dec. & Am. Digs. 1907 to date, & Rep'r Indexes

his father, who was his next of kin, and entitled to the benefits of an action for his wrongful death. The father erroneously brought suit within the time limited in his own name, instead of that of decedent's administrator, but, before the error was established by a ruling on defendant's demurrer to the complaint, the time limited for the commencement of a new action by the administrator had expired, whereupon plaintiff applied for leave to file an amended complaint as administrator, having been appointed as such in the meantime. *Held*, that such change in the capacity in which plaintiff sued was not the commencement of a new suit, and that the amendment was properly allowed.

[Ed. Note.—For other cases, see Limitation of Actions, Cent. Dig. § 542; Dec. Dig. § 125.*]

At Law. Action by J. E. Reardon, as administrator, etc., against the Balaklala Consolidated Copper Company and others. On demurrer to and motion to strike a substituted complaint from the files. Denied.

William Cannon and C. S. Jackson, for plaintiff.

C. H. Wilson, for defendants.

VAN FLEET, District Judge. This is an action to recover for the death of an employé alleged to have been caused by the negligence of the employer. Section 1970 of the Civil Code of the state requires that such an action be maintained in the name of the legal representative of the deceased employé for the benefit of the next of kin in a certain order of precedence; and this is deemed the exclusive remedy. In this instance the father, being the next of kin and entitled to the benefit of the recovery, erroneously brought the action in his own name instead of that of the administrator of the deceased, under the mistaken supposition that the case fell within section 377 of the Code of Civil Procedure; and, before the error was established by a ruling on defendant's demurrer to that complaint, the time within which a new action could be commenced by the administrator had elapsed. The sole question presented here calling for consideration is whether under these circumstances it was competent to allow the complaint to be amended by substituting the administrator as plaintiff in the action so commenced in place of the father, and thus avoid bringing a new action; or should the action have been dismissed. As the result of an application to that end, the court heretofore allowed such substitution, and, an amended complaint having been since filed in the name of the administrator, a demurrer thereto and motion to strike the same from the files is now interposed, and the question as to the propriety of the ruling has with the court's permission been reargued.

It is again strenuously insisted that such a change in the sole party plaintiff is not the proper subject of an amendment, that, in effect, the action of the court was to allow, under the guise of an amendment, a new action to be brought in the name of the administrator after the time had elapsed in which he could originally maintain it; and, as the amendment has relation to the commencement of the action, it will, if sustained, have the effect to deprive defendants of the right to interpose the plea of the statute, which, as claimed, had ripened into

a bar when the amendment was allowed.  In another form the objection is that, the right of action being in its inception purely statutory and given exclusively to the legal representative, the bringing of the action in the name of the father was wholly nugatory and ineffectual to arrest the running of the statute; and to allow the substitution now is in legal effect to extend the statutory limitation for bringing the action by the administrator.  This position is pressed with such ingenuity as to make it plausible, but I do not regard it as sound.  As indicated in granting the leave, it involves an erroneous conception of the legal effect of the omission sought to be corrected, and a too narrow construction of the purpose and effect of the statutes, both state and federal (C. C. P. § 473; R. S. § 954 [U. S. Comp. St. 1901, p. 696]), in providing the extent and character of relief that may be afforded by way of amendment, to avoid mistakes of the nature of that here involved.  It should be borne in mind, as then stated, that the substantive cause of action counted on in the amended complaint has not been changed.  It remains precisely the same as that stated in the original pleading.  No new facts are alleged as a ground of recovery, the only change being in the name of the plaintiff and the capacity in which he sues; while the father still remains the beneficiary of the recovery sought.  This being so, the change effected by the amendment is obviously in no just sense the bringing of a new action.  It is one of form rather than of substance, and in the interests of justice is to be treated as such, rather than to adopt a view which would result in an irretrievable bar to all remedy.  Under the modern doctrine, the discretionary power of the court to such end is to be liberally exerted in favor of, rather than against, the disposition of a case upon its merits; and I am entirely satisfied after further examination of the question induced by the reargument that, under the broad and comprehensive terms of section 954, if not as well under the statute of the state, the defect involved is one which may be cured by amendment.  It will not be necessary in support of this conclusion to discuss the many authorities referred to in the briefs and considered by me on granting the order allowing the substitution.  It will be sufficient, I think, to refer to some later cases not cited by counsel which have fallen under my observation, and which to my mind very fully cover every phase of the question.

In the case of McDonald v. State of Nebraska, 101 Fed. 171, 41 C. C. A. 278, the same question arose under circumstances very similar in legal effect to those presented here.  The action was originally commenced in the name of the State Treasurer against the receiver of an insolvent national bank to recover certain moneys belonging to the state on deposit in the bank.  A demurrer was interposed upon the ground that the Treasurer had no legal capacity to sue, and that from the averments of the petition it appeared that the state was the sole party in interest.  The demurrer was sustained, but by leave of the court the state of Nebraska was substituted as the sole plaintiff in place of the Treasurer.  As so amended, the petition was demurred to, and the court was asked to strike it from the files.  This relief was denied, and judgment going for the plaintiff the defendant

appealed, urging "that the substitution of the state of Nebraska as plaintiff in the action was a change of the cause of action, and that, as the statute of limitations had run against the plaintiff's claim before the substitution was made, the cause of action was barred"—in effect, the same objection made here. In deciding the case and overruling this objection, Judge Caldwell for the Court of Appeals first reviews the cases on the subject from the Supreme Court of Nebraska, and reaches the conclusion that under the statute of that state, which will be found no broader or more liberal in terms than that of California, the allowance of the amendment was not only. within the power of the court, but that it would have been error to have refused it. "But," proceeds that learned judge, "independent of the Nebraska Code and the decisions of the Supreme Court of that state, we would have no difficulty in upholding the judgment of the lower court in this case both upon principle and authority. The right and duty of the federal courts to allow amendments does not rest on state statutes only. It is conferred on them by the judiciary act of 1789. * * * The thirty-second section of that act [Act Sept. 24, 1789, c. 20, 1 Stat. 91] was designed to free the administration of justice in the federal courts from all subtle, artificial, and technical rules and modes of proceeding in any way calculated to hinder and delay the determination of causes in those courts upon their very merits. This act emancipated the judicial department of the government from the shackles of artificial and technical rules, which had theretofore been interposed to obstruct the administration of justice, as completely as the Revolution had emancipated the political department of the government from foreign domination. This was done by investing the federal courts with plenary power to remove by amendment all such impediments to the attainment of justice. From the first, the Supreme Court of the United States grasped the object and purpose of this enactment. In referring to this section of the judiciary act, the Supreme Court of the United States, speaking by Mr. Justice Story, said: 'The authority to allow such amendments is very broadly given to the courts of the United States by the thirty-second section of the judiciary act of 1789, c. 20 (now section 954, Rev. St. U. S.), and quite as broadly, to say the least, as it is possessed by any other courts in England or America, and it is upheld upon principles of the soundest protective policy.' Matheson's Adm'rs v. Grant's Adm'r, 2 How. 263, 281 [11 L. Ed. 261]. And Mr. Justice Miller, speaking from the circuit bench, declared: 'This section makes more liberal provision for the amendment of process, pleadings, and all proceedings in the federal courts than any of the modern codes. It is founded on common sense and justice, and ought to be regarded by the Circuit Courts as mandatory.' Under section 954 of the Revised Statutes the right of amendment extends to the 'summons, writ, declaration, return, judgment, and other proceedings in civil causes in any court of the United States,' and may be exercised at any stage of the case, even after trial and judgment. The extended and beneficent use made of the authority given by this section to make amendments is disclosed by a long line of decisions of the Supreme

Court of the United States covering every step in a case from the summons to the verdict and judgment."

And, after citing numerous cases from the Supreme Court and other federal courts in support of the principles thus stated, it is said:

"A defendant has an undoubted right to insist that the person entitled to recover on a cause of action set forth in a petition shall be brought on the record as the plaintiff in the action, to the end that he shall not be compelled to respond twice to the same demand, and that the one suit shall bar all others for the same cause of action. But it has come to be the settled law that where, either by mistake of law or fact, a suit is brought in the name of a wrong party, the real party in interest, entitled to sue upon the cause of action declared on, may be substituted as plaintiff, and the defendant derives no benefit whatever from such mistake; but the substitution of the name of the proper plaintiff has relation to the commencement of the suit, and the same legal effect as if the suit had been originally commenced in the name of the proper plaintiff. The name of the proper plaintiff may be brought on the record at any time during the progress of the cause, and may even be inserted after verdict and judgment. When a wrong party has been named as plaintiff, the action will never be dismissed, and the proper plaintiff required to bring a new action, when the effect would be to let in the bar of the statute of limitations."

Judge Caldwell then proceeds to review all the leading authorities upon the subject from other state courts, and shows that they are fully in harmony with the conclusion reached by him. This case is followed by two others from the same court: Franklin v. Conrad-Stanford Co., 137 Fed. 737, 70 C. C. A. 171, and Leahy v. Haworth, 141 Fed. 850, 73 C. C. A. 84, 4 L. R. A. (N. S.) 657. In the first case the court allowed a substitution of parties plaintiff, to which defendant objected so far as it affected a second count in the complaint, on the ground that the latter set up by way of amendment a new cause of action not pleaded in the original complaint, and that as to it the action must be deemed commenced when the amended complaint was filed; that the transfer to the substituted plaintiff was not during the pendency of the suit on the demand originally sued on, and to permit the substitution would be to give vitality to a suit which otherwise must have failed as instituted by one having no interest therein. In disposing of the objection that this could not be permitted under the Utah Code, it was said by the learned judge of the court below:

"The provisions of the Utah Code with respect to amendments are extremely liberal. They are identical with the provisions of the Codes of other states, which have been held to permit the substitution of the proper plaintiff where suit has been instituted by one not entitled to sue, and the defense has been interposed that some one else should have sued. The authorities on this question are collated in McDonald v. Nebraska, 101 Fed. 171, 41 C. C. A. 278. But it must be admitted that the Supreme Court of Utah has construed the Utah statute otherwise (Skews v. Dunn, 3 Utah, 186, 2 Pac. 64; Wilson v. Kiesel, 9 Utah, 397, 35 Pac. 488), in that following the Supreme Court of California in the case of Dubbers v. Goux, 51 Cal. 153. If the right to allow the substitution depended upon the provisions of the Utah Code, the court would be embarrassed by these decisions of the Supreme Court of Utah construing that Code. But as pointed out in McDonald v. Nebraska, supra: 'The right and duty of the federal courts to allow amendments does not rest on state statutes only. It is conferred on them by the judiciary act of 1789,' now section 954, Rev. St. U. S."

Judge Marshall then proceeds to quote from McDonald v. Nebraska a portion of the language heretofore quoted therefrom, and in accordance with the principles announced in that case overruled the objection; and this ruling is affirmed by the Circuit Court of Appeals.

In the next case the bill was filed in the Circuit Court for the District of Nebraska to foreclose a mortgage held by the estate of a subject of Great Britain upon property in Nebraska. The bill was originally filed by the English executors, suing .in their individual capacity under their common-law right as owners of the chattel. One of the complainants died, and the bill was amended to continue the action in the name of the survivor, but still in his individual capacity. At the trial, his right to maintain the action in that form being questioned, it was held that he must sue in his representative capacity, and leave was given to amend. He thereupon filed an amended bill in his capacity of executor under his. appointment by the English court, and by a later amendment set up that he had since procured letters testamentary on the estate of his testator in' the probate court of Nebraska. This last proceeding was had, however, after the expiration of the statute of limitations, and the objection was made in the Court of Appeals that the Circuit Court had erred in holding that the proceedings in the probate court of Nebraska, which were not commenced until more than ten years after the maturity of the debt and' after the filing of the amended bill, might relate back to the date of the filing of the last amended bill, not only for the purpose of qualifying. the plaintiff to sue, but also for the purpose of bringing the suit within the period of 'the statute of limitations. That objection was overruled, the court holding that the action of the lower court was proper; that the amendment effected.no substantive change in the legal aspects of the cause of action, which remained the same as in the beginning; that complainant having an inchoate right to enforce the obligation, the change of the pleading by setting up his legal qualification, notwithstanding such qualification did not exist at the date- of the commencement of the action, was merely modal and formal and would relate back to the filing of the bill, notwithstanding the statute had run against the bringing of a new suit (citing McDonald v. Nebraska, supra, and other cases). See, also, Chicago G. W. Ry. Co. v. Methodist Church, 102 Fed. 85, 42 C. C. A. 178, 50 L. R. A. 488, where it is held that the fact that an action was brought in the name of the wrong party as plaintiff was not ground for reversal but that the appellate court would itself direct the substitution of the proper party.

The principles announced in these cases are clearly applicable to the circumstances presented here. As we have seen, no change has been worked in the form or substance of the cause of action set up. That remains in all respects the same. The father is now, as he was when the original complaint was filed, the real party in interest,. for whose benefit, under the express language of the statute, the action may be maintained. He has then a right to have the action prosecuted, but the law says that that must be done through the instrumentality of the legal representative rather than that of the imme-

diate beneficiary; and this purely formal requirement is all that is accomplished by the amendment allowed. Had the father procured himself, instead of the present plaintiff, to be appointed the administrator of his dead son's estate, as was his legal right, there could be no question, under the foregoing authorities, of his right to have himself in his representative capacity substituted as plaintiff in place of himself as an individual; and the chances are, if such had been the course pursued, the present objection would never have suggested itself. Can it make any difference in the application of the principle, or any more effect a substantial change in the legal status of the case, that he has seen fit to have another serve in that capacity? The representative is a mere formal instrumentality required by the statute to effectuate the purpose. It in no sense partakes of the substance of the right who is made the legal representative to enforce it. The appointment of a stranger to that office no more makes the action in his name a new action in any material sense than if the father had been appointed.

It is claimed that the statute of the state, as limited by the construction put upon it by the Supreme Court of the state, does not warrant the action of the court, and Dubbers v. Goux, 51 Cal. 153, referred to in the Utah case, is relied upon. The circumstances of that case were different from those of the present, and I am not satisfied that it sustains defendant's view. As to which, see the later case of Merced Bank v. Price, 9 Cal. App. 189, 98 Pac. 383. But, as we have seen, the inquiry is not very material if, as I think I have shown, the action of the court is warranted by the federal statute upon the subject. The statutes of the state may sometimes enlarge, but they can never restrict, the powers of these courts. Manitowoc Malting Co. v. Fuechtwanger (C. C.) 169 Fed. 983, 987.

The demurrer will be overruled, and the motion to strike the amended complaint from the files will be denied.