SALYERS et al. v. UNITED STATES, for Use of INDIANA QUARRIES CO. et al. *

(Circuit Court of Appeals, Eighth Circuit. February 19, 1919.)

No. 5038.

1. LIMITATION OF ACTIONS ⊂⊃180(7)—OBJECTIONS AT TRIAL—MOTION TO STRIKE.

Objection may be taken to an amendment to a petition, on the ground that it sets up a new cause of action barred by limitation, by motion to strike claim from the record and exclude it from consideration.

2. UNITED STATES ⊂⊃67(3)—BONDS OF CONTRACTORS FOR PUBLIC WORK—LIMITATION OF ACTIONS.

Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), giving persons furnishing labor or materials to a contractor for public work a right of action on the contractor's bond, creates a new liability and gives a special remedy; but the limitation of one year for bringing suit is a condition of the right conferred.

3. PLEADING ⊂⊃248(4)—AMENDMENT—NEW CAUSE OF ACTION.

Where plaintiff in the original petition on contractor's bond set up a claim for material furnished by him to a contractor, an amendment setting up a further claim for material furnished by another and assigned to him states a new and separate cause of action, although the amount prayed for in the original petition was large enough to cover both claims.

4. LIMITATION OF ACTIONS ⊂⊃127(11)—DATE OF SUIT—CAUSE OF ACTION PLEADED BY AMENDMENT.

Where plaintiff, having two causes of action, has stated but one of them in his original petition, although the amount demanded is large enough to cover both, an amendment setting up the second cause of action will not relate back to the date of the original petition, for the purpose of avoiding the bar of limitation, but will be governed by its own date.

5. UNITED STATES ⊂⊃67(4)—BOND OF CONTRACTOR FOR PUBLIC WORK—ACTION ON BEHALF OF SUBCONTRACTOR—PLEADING.

In an action on behalf of subcontractors on the bond of a contractor for a public building, under Act Aug. 13, 1894, as amended by Act Feb. 24, 1905 (Comp. St. § 6923), an allegation that the building was completed and accepted by the United States on a date named is a sufficient allegation of final settlement between the United States and the contractor.

---

⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes
*Rehearing denied May 12, 1919.

6. PLEADING ⊂⊃236(5)—AMENDMENT—DISCRETION OF COURT.
    Allowance of an amendment during trial, to conform the pleadings to the proof, is discretionary with the trial court.

7. APPEAL AND ERROR ⊂⊃110—QUESTIONS REVIEWABLE—RULING ON MOTION FOR NEW TRIAL.
    Ruling on a motion for new trial is not assignable as error in the federal courts.

In Error to the District Court of the United States for the Northern District of Iowa; Henry T. Reed, Judge.

Action by the United States, for the use of the Indiana Quarries Company and others, against Isaac N. Salyers and the National Surety Company. Judgment for plaintiffs, and defendants bring error. Reversed.

J. R. Files, of Ft. Dodge, Iowa (Mitchell & Files, of Ft. Dodge, Iowa, on the brief), for plaintiffs in error.

D. M. Kelleher, of Ft. Dodge, Iowa (Henry M. Hagan, of Chicago, Ill., and B. J. Price and Clarence M. Hanson, both of Ft. Dodge, Iowa, on the brief), for defendants in error.

Before SANBORN and CARLAND, Circuit Judges, and BOOTH, District Judge.

BOOTH, District Judge. Action at law by the United States of America against Isaac N. Salyers and National Surety Company, commenced May 19, 1913, for the use of Indiana Quarries Company, under Act of Congress of August 13, 1894 (28 Stat. 278, c. 280), as amended by Act of February 24, 1905 (33 Stat. 811, c. 778 [Comp. St. § 6923]), requiring bonds by contractors on public buildings for the payment of labor and material. (The Quarries Company will hereafter be referred to as plaintiff.)

After the action had been commenced on behalf of the plaintiff, several parties intervened, alleging the furnishing of labor and material. By written stipulation of the parties the action was tried, in June, 1917, to the court without a jury, and resulted in judgments in favor of the plaintiff and the interveners; claim of plaintiff being reduced, however, by certain counterclaims by defendant Salyers, the contractor.

By the present writ of error it is sought to reverse the judgment in favor of plaintiff. Specifications of error relied upon are as follows:

First. Error in permitting the plaintiff to amend its petition in November, 1916, and in receiving evidence under said amendment.

The building for which the material was furnished was completed May 21, 1912, and, as stated, the action was commenced May 19, 1913, which was within the year provided by the statute. In its original petition plaintiff alleged that it had furnished certain stone to the contractors which had been used and not paid for; the value of the stone furnished was alleged to be $5,000, and the amount demanded was also $5,000. By the first amendment to the petition, filed June 20, 1916, plaintiff alleged that it had furnished to the con-

─────────────────────────────────────────
⊂⊃For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

tractor stone amounting to $3,495.71, and that there was a balance due thereon of $1,736.59, for which amount judgment was demanded.

[1] The second amendment (being the one of November, 1916, and the one complained of) separated the claim of the plaintiff into two parts, or counts. In one count it was alleged that stone had been furnished by Perry-Mathews-Buskirk Stone Co. (hereinafter called the Perry Company) in the amount of $3,718.73, and that the claim of the Perry Company had been assigned to the plaintiff in November. 1910. In the second count it was alleged that stone was furnished to the contractor by the plaintiff in the amount of $606.62; and it was further alleged that there was due and owing upon both of said counts the sum of $1,736.59. Motion was made on behalf of the defendants to strike out the amendment of November, 1916, on the ground that it introduced a new cause of action. No ruling seems to have been preserved upon this motion. At the close of all the evidence, however, defendants moved to strike from the record and exclude from consideration that portion of plaintiff's claim based on assignment from the Perry Company, on the ground that said assignment, set up in said amendment, introduced a new cause of action, and that at the time of the filing of said amendment (November, 1916) the year for filing claims as fixed by the federal statute had expired, and that the filing of said amendment could not relate back to the filing of the original petition.

The method adopted by defendant in preserving its rights was appropriate. The filing of the amendment did not cut off the defense. Railway v. Wyler, 158 U. S. 285, 295, 15 Sup. Ct. 877, 39 L. Ed. 983.

[2] The contention of the plaintiff is that the amendment of November, 1916, did not set up a new cause of action, but simply restated in two counts the cause of action originally set up; one of the counts being on behalf of the plaintiff as original furnisher of material, and the other on behalf of the plaintiff as assignee of the claim of the Perry Company.

The bond required by the statute above cited performs a double function: First, to secure to the government a faithful performance on the part of the contractor; secondly, to protect persons from whom the contractor obtains labor and materials. U. S. v. Nat. Surety Co., 92 Fed. 549, 34 C. C. A. 526; U. S. v. Rundle, 100 Fed. 400, 40 C. C. A. 450. And the statute is to be liberally construed to effect the purposes within its scope. Ill. Surety Co. v. John Davis Co., 244 U. S. 376, 37 Sup. Ct. 614, 61 L. Ed. 1206; U. S. v. Lowrance, 252 Fed. 122, —— C. C. A. ——.

But, while the statute creates a new cause of action, it does so upon the terms named in the statute.

"The right of action given to creditors is specifically conditioned upon the fact that no suit shall be brought by the United States within the six months named, for it is only in that event that the creditors shall have a right of action and may bring a suit in the manner provided. The statute thus creates a new liability and gives a special remedy for it, and upon well-settled principles the limitations upon such liability become a part of the right con-

ferred and compliance with them is made essential to the assertion and benefit of the liability itself." Texas Cement Co. v. McCord, 233 U. S. 157, 162, 34 Sup. Ct. 550, 552, 58 L. Ed. 893.

Among the limitations in the statute is that of 12 months for bringing suit or filing claims. Texas Cement Co. v. McCord, 233 U. S. 157, 34 Sup. Ct. 550, 58 L. Ed. 893; Ill. Surety Co. v. Peeler, 240 U. S. 214, 36 Sup. Ct. 321, 60 L. Ed. 609; U. S. v. Boomer, 183 Fed. 726; Baker Contract Co. v. U. S., 204 Fed. 390, 122 C. C. A. 560; Eberhart v. U. S., 204 Fed. 884, 123 C. C. A. 180. The claims of the various persons furnishing labor or material are assignable. Title Co. v. Crane Co., 219 U. S. 24, 31 Sup. Ct. 140, 55 L. Ed. 72; U. S. v. Rundle, 100 Fed. 400, 40 C. C. A. 450; Title Co. v. Puget Sound Works, 163 Fed. 168, 89 C. C. A. 618. And each claim is separate and represents a distinct cause of action. Title Co. v. Crane Co., 219 U. S. 24, 35, 31 Sup. Ct. 140, 55 L. Ed. 72; Ill. Co. v. Peeler, 240 U. S. 214, 225, 36 Sup. Ct. 321, 60 L. Ed. 609.

[3] The two claims of the plaintiff and of the Perry Company being originally distinct and representing distinct causes of action, it remains to be considered whether by the amendment to plaintiff's petition of November, 1916, a new cause of action was introduced into the petition, or whether the cause of action represented by the Perry Company claim was already included in said petition. It has been noted that the amount demanded in the original petition was $5,000, and in the first amendment to the petition this amount was changed to $1,736.59, and that the amendment of November, 1916, retained this latter amount. The last amendment to the petition, therefore, did not change the amount demanded; but this is not determinative.

The tests to determine whether two causes of action are identical are fully stated in Whalen v. Gordon, 95 Fed. 305, 313, 37 C. C. A. 70, 79. Among those tests are:

"Will the same evidence support both? And will a judgment against one bar the other?"

Applying the first test to the instant case, it is plain that to support the cause of action stated in the original petition and in the petition as first amended, in addition to the formal proof of the giving of the bond and the completion of the contract and settlement thereunder, evidence was necessary (1) that the stone supplied had been furnished to the defendant; (2) that it had been furnished by the plaintiff; (3) that it had not been paid for. To support the cause of action set up by the amendment of November, 1916, in addition to the formal proof mentioned, evidence was necessary: (1) That the stone supplied had been furnished to defendant; (2) that it had been furnished by the Perry Company; (3) that it had not been paid for; (4) that the Perry Company had assigned its claim to the plaintiff prior to the expiration of one year from the completion of the contract and "settlement"; (5) that plaintiff was still the owner of the claim. Ill. Surety Co. v. Peeler, 240 U. S. 214, 225, 36 Sup. Ct. 321, 60 L. Ed. 609. It is clear, therefore, that evidence was needed to support the cause of action set up in the amendment different from and in addition to what was needed to support the cause of action set up either in the

original petition or in the original petition as first amended. The first test above mentioned has therefore not been met. Applying the second test: If plaintiff had gone to trial upon the original petition, or upon the original petition as first amended, and had obtained judgment in whatsoever amount it could have shown itself entitled by reason of itself furnishing stone to the contractor, it is plain that such judgment would not have been a bar to a recovery by plaintiff for other stone furnished by the Perry Company, the claim for which had been assigned to plaintiff; and the reverse is also clearly true, that the recovery on the latter claim would have been no bar to recovery on the former. The second test was therefore, not met.

[4] Furthermore, the amendment of November, 1916, was not a mere amplification or expansion of what was stated in the original petition, and therefore within the scope of the decisions. Railway v. Wulf, 226 U. S. 570, 576, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; Seaboard Air Line v. Renn, 241 U. S. 290, 36 Sup. Ct. 567, 60 L. Ed. 1006; Friederichsen v. Renard, 247 U. S. 207, 38 Sup. Ct. 450, 62 L. Ed. 1075; Ill. Surety Co. v. Peeler, 240 U. S. 214, 36 Sup. Ct. 321, 60 L. Ed. 609; Railway v. Scala, 244 U. S. 630, 37 Sup. Ct. 654, 61 L. Ed. 1360. But the amendment set forth a new and different state of facts which constituted a different cause of action, and came within the scope of the decisions. Railway v. Wyler, 158 U. S. 285, 15 Sup. Ct. 877, 39 L. Ed. 983; Sicard v. Davis, 6 Pet. 124, 8 L. Ed. 342; Railway v. Cox, 145 U. S. 593, 604, 12 Sup. Ct. 905, 36 L. Ed. 829; U. S. v. Dalcour, 203 U. S. 408, 423, 27 Sup. Ct. 58, 51 L. Ed. 248; Whalen v. Gordon, 95 Fed. 305, 37 C. C. A. 70, and cases cited therein; Railway v. Hurd, 108 Fed. 116, 47 C. C. A. 615, 56 L. R. A. 193; Lang v. Railroad Co., 198 Fed. 38, 117 C. C. A. 146; Re Louisell Lbr. Co., 209 Fed. 784, 126 C. C. A. 508.

Finally, this amendment does not effect a mere substitution of parties plaintiff, nor of change of capacity in which plaintiff seeks recovery, so as to be within the scope of the decisions. Railway v. Wulf, 226 U. S. 570, 33 Sup. Ct. 135, 57 L. Ed. 355, Ann. Cas. 1914B, 134; McDonald v. Nebraska, 101 Fed. 171, 41 C. C. A. 278; In re Griggs, 233 Fed. 243, 147 C. C. A. 249; Franklin v. Conrad Stanford Co., 137 Fed. 737, 70 C. C. A. 171. But we have here an instance where the plaintiff having two causes of action has stated but one of them in his original petition, although the amount demanded is large enough to cover both of his causes of action, and then seeks by amendment to set up facts vital to and constituting the second cause of action. An amendment setting up such new and second cause of action will not relate back to the date of the original petition, but will be governed by its own date, and if the bar of the statute of limitations or a bar to the right to maintain such new cause of action has intervened, the new cause of action must fail. Texas Cement Co. v. McCord, 233 U. S. 157, 34 Sup. Ct. 550, 58 L. Ed. 893; Ill. Surety Co. v. Peeler, 240 U. S. 214, 225, 36 Sup. Ct. 321, 60 L. Ed. 609; Baker Contract Co. v. U. S., 204 Fed. 391, 122 C. C. A. 560; Eberhart v. U. S., 204 Fed. 884, 123 C. C. A. 180.

Our conclusion is that the Perry Company claim was barred by the limitations in the statute before the filing of the amendment of November, 1916, and that it was error to deny the motion to strike out the evidence as to the cause of action originating in that claim.

The second specification of error relied upon reads:

"Error in permitting the witnesses Hagan and King to testify concerning the contents of the books of account of Alexander King & Co., for the reason that said testimony was incompetent, irrelevant, not the best evidence, and no proper foundation therefor had been shown."

Rule 11 of this court (188 Fed. ix, 109 C. C. A. ix) reads in part as follows:

"When the error alleged is to the admission or to the rejection of evidence, the assignment of errors shall quote the full substance of the evidence admitted or rejected."

Rule 24 (188 Fed. xvi, 109 C. C. A. xvi), relating to briefs, contains the same provision.

There is no compliance, and no attempt at compliance, with these rules on the part of the plaintiffs in error, either in the original assignments of error filed or in the specification of errors relied upon, set out in the brief, or in the subsequent "argument" contained in the brief. Because of this failure to comply with the rules, the second specification of error will not be considered.

[5] The third assignment of error challenges the ruling of the court that the allegations in plaintiff's petition that the work on the building was completed and the building accepted by the United States on or about the 24th day of May, 1912, was a sufficient pleading of the fact that there had been final settlement between the United States and the contractor, as required by the Act of Congress under which the action is brought. The defendant, in answer to one of the intervening petitions, admitted that settlement was made on the date alleged. Furthermore, there was introduced in evidence, without objection, a certificate, or statement, from the supervising architect as follows:

"Final settlement under the contract to which you refer was authorized May 21, 1912."

In our opinion both pleading and proof were sufficient. Ill. Surety Co. v. Peeler, 240 U. S. 214, 36 Sup. Ct. 321, 60 L. Ed. 609; U. S. v. Robinson, 214 Fed. 39, 130 C. C. A. 432; Pederson v. U. S., 253 Fed. 622, —— C. C. A. ——.

[6] The fourth assignment of error challenges the action of the trial court in allowing an amendment to the petition during the trial, and after the testimony was closed, which amendment in substance alleged that the material for which recovery was sought was furnished through Alexander King & Co. as a materialman and subcontractor, whereas in the original petition it was simply alleged that it had been furnished through Alexander King & Co. The objection of the defendant to this amendment was that the legal meaning of the original allegation was that the material was furnished by the plaintiff through Alexander King & Co. as their agents, whereas the legal meaning of

the amendment was that the material had been furnished through King & Co. as a subcontractor. The importance of this objection lay in the fact that payments in considerable amounts had been made to King & Co.; and in the legal effect of those payments. But the amendment was asked and allowed in order to conform the pleadings to the proof, and it was discretionary with the trial court to allow it.

The fifth assignment of error relates to finding of fact in regard to counterclaim of the defendant Salyers. The sixth relates to finding of fact in regard to the claims of the interveners. The seventh to a ruling of the court refusing to appoint an architect to measure the number of cubic feet of stone in the building. They have all been examined, and no reversible error found.

[7] The eighth, and last, assignment of error is that the court erred in overruling a motion for a new trial. Such ruling cannot properly be made the subject of an assignment of error.

Because of error in allowing the amendment of November, 1916, to the petition and the introduction of evidence thereunder, judgment is reversed, and a new trial ordered.