## COMMISSIONERS *v.* BANK OF COMMERCE.

In an action on certain coupons originally attached to bonds issued by the county of Pickens, South Carolina, the holder of them made as sole defendants to his complaint certain persons whom he named "as county commissioners" of said county. No objection was taken to the pleadings, nor any misnomer suggested. Verdict and judgment for the plaintiff. *Held*, 1. That neither the Constitution nor the statutes of that State declare the name by which a county shall be sued. 2. That, if the action should have been brought against the county by its corporate name, the misdescription, if objected to, was, by the statutes of that State, amendable at the trial; but it furnishes no ground for reversing the judgment.

ERROR to the Circuit Court of the United States for the District of South Carolina.

This was an action brought by the Bank of Commerce to recover the amount of sundry coupons which were formerly attached to bonds, purporting to be issued by the Board of County Commissioners of the County of Pickens, South Carolina, in aid of the Atlanta and Richmond Air-Line Railway Company. The complaint alleges that the said coupons are for different sums of money, depending on the size of the bonds, and are in the form following, to wit: —

"$7.00. The County of Pickens, State of South Carolina, will pay the bearer on the first day of January, 1874, seven dollars, at Pickens Court-house, for annual interest on bond No. 113.

"H. J. ANTHONY,
"*Chairman of Board of County Commissioners.*

"Receivable in payment of taxes."

— and that the plaintiff is the *bonâ fide* holder of them for value, and that they, though due, have not been paid.

Judgment was rendered in favor of the bank. Several defences, interposed below, were abandoned here. The remaining facts and the assignment of error are mentioned in the opinion of the court.

*Mr. William W. Boyce* for the plaintiff in error.

The "county of Pickens" not having been sued by its corporate name, no judgment on its contracts can be rendered against it in this suit. A corporation (unless empowered to sue and be sued in the name of its clerk or trustee) should sue

and be sued by the name in which it is incorporated.   Brown, Actions at Law, 115 ; 1 Saunders, Plead. and Evid. 387.   The statutes of the State do not authorize a suit for the enforcement of a county liability to be brought against the persons who constitute the board of commissioners ; and the present judgment against them as individuals must be reversed, because there is nothing on the record showing their personal liability.   The plaintiff below must therefore fail, as against the county, because he has not sued it ; he must fail against the defendants, because he asserts a claim for the payment of which they are not individually bound.   The words " county commissioners " added to their names are a *descriptio personarum*, and do not define or limit their liability.

The objection is not for misnomer, nor is it one of form.   It is for a defect in matter of substance, apparent on the pleadings, for which error lies.

*Mr. James Lowndes* and *Mr. W. E. Earle, contra.*

MR. JUSTICE HUNT delivered the opinion of the court.

The defendants are described in the complaint as H. J. Anthony, Thomas R. Price, and William Smith, " commissioners of the county of Pickens," and the demand set forth in the complaint is against the county of Pickens.   A trial upon the merits resulted in a judgment in favor of the plaintiff for $7,132.   The defences set up in the answer, and upon which the case was tried in the Circuit Court, are abandoned ; and the defendants seek to reverse the judgment, upon the allegation that there is a misdescription of the defendants.   Judgment cannot be had against the county, it is said, because the county is not sued ; nor against the commissioners named, because the cause of action is not against them, but against the county.

There is no foundation for this course of reasoning.

By art. 4, sect. 19, of the Constitution of South Carolina (of 1868), it is thus provided : —

" The qualified electors of each county shall elect three persons for the term of two years, who shall constitute a board of county commissioners, which shall have jurisdiction over roads, highways, ferries, bridges, and all matters relating to taxes, disbursements of

money for county purposes, and in every other case that may be necessary to the internal improvement and local concerns of the respective counties : *Provided,* that in all cases there shall be the right of appeal to the State courts."

By the Revised Statutes of that State, 147, the powers of these officers are defined at length. Among them are the following : —

" To examine, settle, and allow all accounts chargeable against such county, and draw orders on the county treasurer for the same ; but the county commissioners shall not draw any order upon the county treasurer until after the monthly return of the treasurer shall have been made to the county commissioners of the amount of funds collected, nor unless he has the funds in the treasury to pay the same."

The specification of the powers and duties of these officers extends over several pages of the statute. It may be said, in brief, that they are charged with the management of the internal affairs of the county, and occupy substantially the place held by boards of supervisors in many of the States.

The Constitution of the State of South Carolina (of 1868) does not declare the several counties of the State to be incorporations. In art. 2, sect 3, entitled " Legislative Department," it is ordained as follows : —

" The judicial districts shall hereafter be designated as counties, and the boundaries of the several counties shall remain as they are established, except," &c. . . . " Each county shall constitute one election district."

By art. 9, sect. 8, it is provided : —

" The corporate authorities of counties, townships, school districts, cities, towns, and villages may be invested with power to collect taxes for corporate purposes."

" SECT. 9. The General Assembly shall provide for the incorporation of cities and towns, and shall restrict their powers of taxation, borrowing money, contracting debts, and loaning their credit."

It is assumed by these provisions that counties are or may be made corporations.

Accordingly, it was enacted by the legislature in the same year (Stat. 1868, 134), as follows : —

"Each county shall be a body politic and corporate for the following purposes: to sue and be sued, purchase and hold for the use of the county personal estate and land lying within its own limits, and to make necessary contracts and do necessary acts in relation to the property and concerns of the county."

Every county of the State was expressly authorized by the statute of Sept. 18, 1868, to make the contract out of which the present cause of action arose, and the pleadings concede that the county of Pickens did make it.

We do not find in the Constitution or statutes of South Carolina any direction as to the name by which a county shall be sued. We see no objection to the form adopted in the present case.

But if it be conceded that this action should have been brought against the county of Pickens, by the corporate name of the county of Pickens, the error is simply one of a misdescription of the parties defendant, a misnomer amendable at the trial if objected to, and to be disregarded, both at the trial and on appeal, when such objection is not taken.

The Revised Statutes of South Carolina provide (sect. 199) that "the court shall in every stage of the action disregard any error or defect in the pleadings or proceedings which shall not affect the substantial rights of the adverse party, and no judgment shall be reversed by reason of such error or defect."

By another section (196) it is provided that "the court may, before or after judgment, in furtherance of justice and on such terms as may be proper, amend any pleading, process, or proceeding, by adding or striking out the name of any party, or by correcting a mistake in the name of a party or a mistake in any other respect, or by inserting other allegations material to the case, or when the amendment does not change substantially the claim or defence, by conforming the pleadings or proceedings to the facts proved."

Where suit was brought against "William H. Cockle, intendant, and John R. Schwab, Joseph Herndon, Robert Wright, and Edward Wheeler, wardens, the town council of Yorkville, in the State of South Carolina," it was objected at the hearing on appeal that the suit was against the parties in their individual capacity, and not as the town council of Yorkville. The

Supreme Court said, " The defendants have failed to present the objection at the proper time and in the proper way, and can now claim no benefit from it." MS. Case.

The statutes of the State of New York on the subject of amendments are almost verbatim, the same as those of South Carolina above quoted.

In the case of the *Bank of Havana* v. *Magee* (20 N. Y. 355), Charles Cook was an individual banker, transacting business under the name of the Bank of Havanna, there being in fact no corporation of that name. On the trial, a judgment in favor of the Bank of Havanna was offered in evidence, which was objected to on the ground that the plaintiff had not proved itself to be a corporation, which was overruled. In sustaining the ruling, the Court of Appeals, by Denio, J., said: " But I am of the opinion that when it appeared on the trial that the plaintiff's attorney had fallen into the mistake of stating the name which Mr. Cook had given to his bank as the creditor of Wickham and as the plaintiff in the suit, instead of his own name, a plain case was presented for amendment, under sect. 173 of the Code."

The error was disregarded.

So in *Traver* v. *Eighth Avenue R. R. Co.* (6 Abb. Pr. N. S. (N. Y.) 46), the Court of Appeals, Grover, J., delivering the opinion, cited the foregoing case with approval, and held that where an action was brought by a married woman in her maiden name it was a mere misnomer, and when not objected to at the trial would be disregarded on appeal.

There being no error of which we can take notice, the judgment must be affirmed; and it is

*So ordered.*