## Thompson *v.* Canterbury, Adm'r.

### (*Circuit Court, D. Iowa.* July, 1881.)

### Estates of Deceased—Contract of Administrator.

A contract with administrators or executors made in the interest and for the benefit of the estate, if made upon a new and independent consideration, as for property sold and delivered, or other consideration moving between the promisee and executors as promisors, does not bind the estate, and a suit thereon against the administrator as such, and not personally, is demurrable. Doctrine applied to a case where the administrator sold and delivered a patented article for the benefit of the estate.

On Demurrer. Action for damages.

This was an action for damages brought against an administrator, in his representative capacity, for a violation of plaintiff's rights, by selling and conveying to divers parties, a certain article which plaintiff claims the exclusive right to make and vend.

*Bremmerman & Rohde*, for plaintiff.

*P. H. Smyth & Son*, for defendant.

McCRARY, C. J. The defendant is sued as administrator for having, in violation of plaintiff's rights, sold and delivered certain patented articles. If defendant did make the sales in question, as alleged, he did not thereby bind the estate. Whether his act be regarded in the light of a contract or a tort, it is clear that he did not bind the estate represented by him, and that no recovery can be had against him in his representative capacity, or to be levied *de bonis testatoris.* Even a contract with administrators or executors, made in the interest and for the benefit of the estate, if made upon a new and independent consideration, as for property sold and delivered, or other consideration moving between the promisee and the executors as promisors, does not bind the estate. This upon the ground that an administrator or executor may disburse and use the funds, or charge the estate, only for the purposes authorized by law, and may not bind the estate by a new contract, thus creating a liability not founded upon a contract or obligation of the testator or intestate. *Austin* v. *Munro*, 47 N. Y. 360, and cases cited; Toller, Executors, 457. Of course, if the administrator could not bind the estate by a contract to pay plaintiff the sum he now claims as damages, he could not do so by his own wrong in violating the plaintiff's rights under the patent.

As defendant is sued as administrator, and not personally, the demurrer must be sustained.