JAMES McDONALD AND ANOTHER vs. JOHN B. WARD.

New Haven Co., Dec. T., 1887.  PARK, C. J., CARPENTER, PARDEE, LOOMIS and BEARDSLEY, Js.

Under the Practice Act (secs. 12, 15, and 16) a complaint against the defendant as administrator can be amended so as to make it charge the defendant in his individual capacity.

Argued December 7th—decided December 30th, 1887.

ACTION to recover for work done and materials furnished in repairing a barn; brought, by appeal from the judgment of a justice of the peace, to the Court of Common Pleas in New Haven County, and tried to the court before *Studley*, *J.* Judgment rendered for the plaintiffs, and appeal by the defendant on the ground of an amendment of the complaint allowed by the court, which is fully stated in the opinion.

*J. P. Ward*, appellant, *pro se.*

*C. H. Fowler* (with whom was *G. J. Tuttle*), for the appellees.

LOOMIS, J.    This action was brought to recover for labor and materials furnished by the plaintiffs at the request of the defendant in repairing a barn belonging to the estate of Patrick Ward, deceased.    The defendant was a son of the deceased, and administrator of his estate, but nothing was said to the plaintiffs as to the person to whom the labor and materials should be charged.    The suit was first brought against the defendant in his capacity as administrator, but, upon the trial, the defendant claimed that he was not liable as administrator, but only in his individual capacity, if at all.    Thereupon the plaintiffs moved and the court ordered that the said Ward be summoned and made a party defendant in his individual capacity.    The plaintiffs withdrew all claims against the defendant as administrator and amended the complaint so that it charged the defendant in his individual capacity alone.    The question raised by the appeal is whether such a change as to the party defendant can be allowed.

This precise question arose in the state of New York under the code of that state, in the case of *Tighe* v. *Pope*, 16 Hun, 180, which was disposed of so justly that we cannot do better than adopt the reasoning of that court.    The action was brought by the plaintiff to recover for legal services rendered the respondent as administratrix of her husband's estate.    The summons and complaint described her as administratrix and asked judgment against her as such.    Before the trial the plaintiff moved for leave to amend the summons and complaint by striking out the words " as administratrix," and to proceed against the defendant individually.    The motion was denied, on the ground that, if granted, it would introduce a new defendant and a new cause of action, which the court had not power to do.    It was held by the Supreme Court that the motion was proper and should have been granted.

The reasoning of GILBERT, J., in giving the opinion, is equally pertinent to the case at bar :—" I am of opinion that the court had the power to grant the amendment, and that such amendment would have been in furtherance of justice.

It would have worked no change in the cause of action, except to make it one against the defendant personally instead of one against her in her representative capacity of administratrix. Such a change is, I think, within the purview of section 723 of the Code of Civil Procedure. In *Fuller* v. *The Webster Fire Ins. Co.*, 12 How. Pr. R., 293, a suit had been brought against a corporation after it had been dissolved, and an amendment substituting the receiver of the corporation as defendant was allowed after answer. In *Haddow* v. *Haddow*, 3 N. York, 777, (affirmed by the Court of Appeals), an action brought by a person in her own right was changed to one in her favor as administratrix. These cases gave to the statute as liberal a construction as that which is asked in this case. Whether the amendment is allowed or not, the same person will be the defendant, and I cannot see that any increased burden will be cast upon her by compelling her to defend personally, instead of allowing her to succeed upon the technical ground that she did not incur the liability claimed in her capacity of administratrix."

This reasoning is not rendered inapplicable to the case at bar by any substantial difference between the statutes of that state and our own relative to the matter in question, for our statutes, both in their terms and as construed by this court in relation to a change of parties, are very liberal. By section 12 of the Practice Act, "any person may be made a defendant who has or claims an interest in the controversy or any part thereof." By section 15 new parties are to be brought in where a complete determination of the matter in controversy requires it; and by section 16 "new parties may be added and summoned in, and parties misjoined may be dropped, by order of the court, at any stage of the cause, as it may deem the interests of justice require."

In *Hilton* v. *Osgood*, 49 Conn., 110, the court held that under the act of 1875, which provides "that additional parties may be made plaintiffs by amendment and additional defendants may be cited to appear therein" etc, new defend-

ants might be cited in although there was no cause of action against the original defendants.

If so radical a change as this is permissible, with stronger reason can the change here made be sanctioned, where the person of the defendant is the same and he is at one and the same time liable either individually as at common law, or as administrator under the provisions of the act of 1882. (Acts of 1882, ch. 51.) Were it true, as suggested, that the change was prejudicial to the defendant, he must take the blame himself for repudiating his liability as administrator; but in fact he is not injuriously affected, for he can still charge to the estate what belongs to it to pay, and under the act referred to, although the judgment against an administrator is to be paid out of the estate, yet if not paid in full he would remain liable individually for the balance.

There was no error in the judgment complained of.

In this opinion the other judges concurred.