GRIGGS et al. v. NADEAU.

(Circuit Court of Appeals, Eighth Circuit. February 12, 1915.)

No. 4324.

1. APPEAL AND ERROR ⚖═248—RESERVATION OF GROUNDS OF REVIEW—EX-CEPTIONS.

Where no exceptions are taken at a jury trial, an appellate court has no power on writ of error to review alleged errors committed during the trial.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1432, 1435–1439, 1443, 1447–1452, 1454–1459, 1462, 1464–1468; Dec. Dig. ⚖═248.]

2. APPEAL AND ERROR ⚖═193—REVIEW—MATTERS NOT RAISED BELOW.

Where a complaint fails to state a cause of action which would have necessitated sustaining a motion in arrest of judgment, it is not too late to allege it as error in the appellate court.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 1226–1238, 1240; Dec. Dig. ⚖═193.]

3. ATTACHMENT ⚖═64—PROPERTY SUBJECT TO ATTACHMENT.

The property of a decedent while in the course of administration is not subject to attachment.

[Ed. Note.—For other cases, see Attachment, Cent. Dig. §§ 181–188; Dec. Dig. ⚖═64.]

4. EXECUTORS AND ADMINISTRATORS ⚖═96—CONTRACTS—AUTHORITY TO CON-TRACT.

An executor or administrator, unless properly authorized by the will, by statute, or by order of the probate court in which the administration is pending, has no power to bind the estate he represents by his individual contract, and one employed by him in the absence of such authority must look to the executor individually; and hence, where no such authority was ever granted to executors, a complaint in an action on a contract by them employing plaintiff to sell land belonging to the estate would not support a judgment against the executors as executors.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 410, 412, 413, 417, 418; Dec. Dig. ⚖═96.]

5. EXECUTORS AND ADMINISTRATORS ⚖═114—ESTOPPEL—AUTHORITY TO ENTER INTO STIPULATIONS.

Where executors had no authority to bind the estate by the contracts sued on, a stipulation that judgment upon any verdict rendered should be entered against them as executors did not estop them from denying the estate's liability, as they had no power to make such stipulation and could not bind the estate thereby.

[Ed. Note.—For other cases, see Executors and Administrators, Cent. Dig. §§ 465, 466; Dec. Dig. ⚖═114.]

⚖═For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

6. APPEAL AND ERROR ⬳1116—DISMISSAL AND NONSUIT ⬳81—DISPOSITION OF CAUSE—SETTING ASIDE DISMISSAL.

Where, in an action on a contract made by executors without authority against them individually and as executors, it was stipulated that judgment upon any verdict rendered in favor of plaintiff should be entered against defendants as executors, and that the action should be dismissed as to defendants personally, the order of dismissal could not at a subsequent term be set aside, and judgment rendered against the defendants personally, and the Circuit Court of Appeals had no power to do so on writ of error.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4411, 4412; Dec. Dig. ⬳1116; Dismissal and Nonsuit, Cent. Dig. §§ 182–192; Dec. Dig. ⬳81.]

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Action by E. E. Nadeau against Clarence Griggs and another, executors of Solomon E. King, deceased. Judgment for plaintiff, and defendants bring error. Reversed.

Solomon E. King, a resident of Ottawa, La Salle county, Ill., died there in June, 1909, leaving a large and valuable estate. By his will he nominated the plaintiffs in error, defendants in the court below, who were also residents of Ottawa, as executors. They duly qualified as such in La Salle county, state of Illinois. The bulk of the large estate of the testator was devised to charity. In addition to the property in the state of Illinois, the testator died seised of over 5,000 acres of valuable farming lands in the counties of Wilkin and Otter Tail, in the state of Minnesota. The will authorized the executors to convert the real estate of which he died seised into cash or interest-bearing securities, and empowered them to make, execute, acknowledge, and deliver bills of sale, assignments of personal property, and deeds to real estate. In order to enable the executors to take charge and dispose of the real estate in the state of Minnesota, ancillary administration was granted by the probate court of Otter Tail county, Minn., and the defendants in the court below appointed as such ancillary executors.

The defendant in error, who will be referred to herein as the plaintiff, claiming that there was due him $5,280 for services in securing purchasers for the Minnesota lands under a contract with the defendants as executors, instituted an action in the state district court of Wilkin county, Minn., against the defendants as individuals and also as executors of the estate of King, and at the same time procured a writ of attachment from that court upon the ground that they were nonresidents of the state of Minnesota. The sheriff of Wilkin county executed the attachment by levying on the lands belonging to the estate of King lying in Wilkin county. No personal service was had on the defendants, but they entered their appearance as individuals as well as executors, and executed a bond for the release of the attachment in conformity with the laws of the state of Minnesota. By proper proceedings the cause was removed to the United States District Court for the District of Minnesota, and upon a trial to a jury there was a verdict for the plaintiff against the defendants, "as executors" only, for the sum of $5,570.84, and judgment for that sum was entered against them as such executors.

During the trial the following stipulation was entered into in open court: "That this action is dismissed as to Clarence Griggs, personally, and William W. Nash, personally, and that judgment upon any verdict which may be rendered herein in favor of the plaintiff shall be entered against Clarence Griggs and William W. Nash, as executors of the estate of Solomon E. King, deceased."

From that judgment, this writ of error was prosecuted by the defendants, as executors of said estate.

E. M. Griggs, of Streator, Ill. (James A. Brown, of Fergus Falls, Minn., and Boys, Osborn & Griggs, of Streator, Ill., on the brief), for plaintiffs in error.

F. W. Murphy, of Wheaton, Minn. (N. F. Field, of Fergus Falls, Minn., and A. G. Divet, of Wahpeton, N. D., on the brief), for defendant in error.

Before SANBORN and SMITH, Circuit Judges, and TRIEBER, District Judge.

TRIEBER, District Judge (after stating the facts as above). [1] The record fails to show that there was a single exception taken by the defendants during the trial. No request was made for a directed verdict, nor was there a motion in arrest of judgment. The general rule is that, when no exceptions are taken at the trial to a jury in the trial court, an appellate court has no power, on writ of error, to review any alleged errors committed during the trial. Mexico International Land Co. v. Larkin, 195 Fed. 495, 115 C. C. A. 405.

[2] But there is an exception to this rule. If it appears that the complaint failed to state a cause of action, which would have necessitated sustaining a motion in arrest of judgment after verdict, it is not too late to allege it as error in the appellate court. Slacum v. Pomery, 6 Cranch, 221, 3 L. Ed. 205; Campbell v. Boyreau, 21 How. 223, 226, 16 L. Ed. 96; Masterson v. Howard, 18 Wall. 99, 103, 21 L. Ed. 764; Lehnen v. Dickson, 148 U. S. 71, 72, 13 Sup. Ct. 481, 37 L. Ed. 373; Kentucky Life Ins. Co. v. Hamilton, 63 Fed. 93, 11 C. C. A. 42; Western Union Telegraph Co. v. Sklar, 126 Fed. 295, 302, 61 C. C. A. 281; Elliott on Appellate Procedure, §§ 471, 475. In Slacum v. Pomery, Mr. Chief Justice Marshall said:

"It is not too late to allege as error in this [appellate] court a fault in the declaration which ought to have prevented a rendition of the judgment of the court below."

[3] That property of a decedent, while in the course of administration, is not subject to attachment, is well settled. Byers v. McAuley, 149 U. S. 608, 13 Sup. Ct. 906, 37 L. Ed. 867. But as the defendants released the attachment by the execution of a bond, whereby they obligated themselves to perform the judgment of the court, that question is not before us.

[4] Looking at the complaint, and treating it solely as against the executors in their official capacity, the action against them as individuals having been dismissed and a judgment de bonis testatoris entered, it fails to show a cause of action against them as such executors. The law is well settled that an executor or administrator has no power to bind the estate he represents by his individual contract, unless expressly authorized by the will or by statute, or by an order of the probate court in which the administration is pending. A person thus employed, in the absence of such authority, must look to the executor, individually, who employed him. Schouler on Executors and Administrators, § 256; 2 Woerner on Administration, p. 756; Thompson v. Canterbury (C. C.) 12 Fed. 485; Kelley v. Kelley (C. C.) 84 Fed. 420; Austin v. Munroe, 47 N. Y. 360; O'Brien

v. Jackson, 167 N. Y. 31, 60 N. E. 238; 11 Am. and Eng. Enc. of Law, p. 932; 18 Cyc. p. 880; Tucker v. Grace, 61 Ark. 410, 33 S. W. 530; Pike v. Thomas, 62 Ark. 223, 35 S. W. 212, 54 Am. St. Rep. 292.

Neither the complaint nor the evidence in the case show that any such authority was ever granted to the executors. That a contract for an agent's commissions for making a sale of assets of the estate only makes the executors individually liable was expressly held in Reynolds-McGinness Co. v. Green, 78 Vt. 28, 61 Atl. 556; Johnson v. Leman, 131 Ill. 609, 23 N. E. 435, 7 L. R. A. 656, 19 Am. St. Rep. 63; New v. Nicoll, 73 N. Y. 127, 29 Am. Rep. 111, and Truesdale v. Philadelphia, etc., Co., 63 Minn. 49, 65 N. W. 133.

The authorities cited on behalf of the plaintiff are not in point. 18 Cyc. p. 1043, cited by counsel, expressly limits the liability of the estate to obligations created by the decedent. On page 880 the same author quotes with approval from Seip v. Drach, 14 Pa. 352, 356, where it was held:

"Nothing is better settled than that an executor or administrator is answerable in his official character for no cause of action that was not created by the act of the decedent himself. In actions against the personal representative on his own contracts and engagements, though made for the benefit of the estate, the judgment is de bonis propriis; and he is, by every principle of legal analogy, to answer it with his personal property."

Owen v. Riddle, 81 N. J. Law, 546, 79 Atl. 886, Ann. Cas. 1912D, 45, is claimed to be conclusive of plaintiff's contention, but an examination of that case shows that the only question before the court was as to the effect of the statute of frauds, it being claimed that the authority of the administrator to sell and employ an agent to sell on commission was not in writing; but the court held that the will authorizing the executor to sell being in writing satisfied the requirements of the statute of frauds.

Authorities are also cited to the effect that specific performance of a contract for the sale of real estate, made by an executor under the powers of the will expressly authorizing him to sell, will be decreed. But this is not an action of that nature. Nor are the authorities to the effect that it is within the discretion of the probate court in which the administration is pending to allow the administrator or executor moneys paid out by him for the benefit of the estate applicable.

In re Willard's Estate, 139 Cal. 501, 73 Pac. 240, 64 L. R. A. 554, cited by counsel for plaintiff, expressly holds that a broker is not entitled to recover, but that the probate court may, in its discretion, allow such expenditures when paid by the executors and found to be for the benefit of the estate. In Bomford v. Grimes, 17 Ark. 567, it was held:

"When the administrator finds it necessary to call in medical assistance to the slaves of his intestate in his possession, when sick, no doubt he has the right and it is his duty to do so, not only as a matter of humanity, but by way of preserving them as property of the estate, for the benefit of the creditors and distributees; and it would be the duty of the probate court to allow to the administrator the reasonable and necessary expenses so incurred by him, as part of the cost of administration. But, as between the administrator and

the physician, it would be a personal contract. An administrator has no right to make a contract for a dead man."

Yarborough v. Ward, 34 Ark. 204, is to the same effect, and this seems to be the rule established by the great weight of authority. Whether the district court of Wilkin county had jurisdiction of this cause, the ancillary administration pending in the probate court of Otter Tail county, it is unnecessary to determine, in view of the conclusions reached by us.

[5] It is next urged that the stipulation filed during the trial, when the action was dismissed against the executors as individuals, that "judgment upon any verdict which may be rendered in favor of the plaintiff shall be entered against Clarence Griggs and William W. Nash as executors of the estate of Solomon E. King, deceased," estops the plaintiffs in error from claiming that the estate is not liable. If this were the law it would be an anomaly, for the executor could, by stipulation, bind the estate of his testator for a liability with which it could not be directly charged, thus accomplishing indirectly what the law prohibits him from doing directly. This cannot be permitted, for an executor or trustee has only such powers as are granted to him by the will or the law, and when he exceeds that authority his action is ultra vires and absolutely void. Kelley v. Milan, 127 U. S. 139, 159, 160, 8 Sup. Ct. 1101, 32 L. Ed. 77. In that case the city of Milan, a municipal corporation organized under the laws of Tennessee, had issued bonds without authority. In a suit in chancery, brought by the town authorities to have the bonds declared invalid, a decree had been entered declaring them valid on a consent to that effect signed by the mayor of the town. In a later action at law to recover on these bonds that decree was pleaded by the plaintiff, but the court held that it was absolutely void, although attacked collaterally, because the mayor had no right to bind the town by such consent. The court said:

"The authorities of the town had no more power to do so [consent to the decree] than they had to issue the bonds originally."

To the same effect are Marsh v. Fulton County, 10 Wall. 676, 684, 19 L. Ed. 1040; Norton v. Shelby County, 118 U. S. 425, 451, 6 Sup. Ct. 1121, 30 L. Ed. 178; Doon Twp. v. Cummins, 142 U. S. 366, 376, 12 Sup. Ct. 220, 35 L. Ed. 1044; Western National Bank v. Armstrong, 152 U. S. 346, 352, 14 Sup. Ct. 572, 38 L. Ed. 470; Board of Com'rs v. Union Bank, 96 Fed. 293, 37 C. C. A. 493. In Marsh v. Fulton County, it was held:

"A ratification is, in its effect upon the act of an agent, equivalent to the possession by him of a previous authority. It operates upon the act ratified in the same manner as though the authority of the agent to do the act existed originally. It follows that a ratification can only be made when the party ratifying possesses the power to perform the act ratified."

The stipulation may have been made by reason of doubts whether a cause of action against personal representatives in their representative capacity can be joined with a cause of action against them in their individual capacity. 18 Cyc. 975. But it matters not what influenced the parties to make the stipulation. If the executors had no power to make it, the estate cannot be bound by it.

[6] We are asked to amend the judgment, so as to make it in favor of the plaintiff against the defendants in their individual capacity, citing 18 Cyc. 1050, as authority for such power. But the rule there referred to applies only to clerical errors in the entry of the judgment. There is no claim that there was any clerical error in the instant case. Aside from that, when a defendant has once been dismissed from a cause of action, a court has no power at a subsequent term to set that order of dismissal aside, and render judgment against him. Such a judgment is wholly void, and may be attacked in a collateral proceeding. Wetmore v. Karrick, 205 U. S. 141, 27 Sup. Ct. 434, 51 L. Ed. 745. And certainly an appellate court has no power to do so on writ of error. Whether a court of equity has the power in a direct proceeding to set such an order of dismissal aside is not involved in the cause now before us.

As the plaintiff's complaint stated no cause of action which would warrant a judgment against the defendants as executors, the judgment is reversed.