In re GRIGGS et al.

(Circuit Court of Appeals, Eighth Circuit. November 15, 1915.)

No. 165.

1. MANDAMUS ☞41—PROHIBITION ☞10—ABSENCE OF JURISDICTION.

In an action against nonresident executors, individually and as executors, in which the court had jurisdiction over defendants in both capacities, it was stipulated that the action was dismissed as to the defendants personally, and that any judgment for plaintiff should be entered against the defendants as executors. A judgment for plaintiff against the defendants as executors was reversed, on the ground that they could not bind the estate by the contract sued on. The District Court vacated the stipulation and ordered that the case stand against defendants in both capacities. *Held*, that there was no clear absence of jurisdiction, authorizing a writ of prohibition or mandamus, since, whether or not the court in vacating the stipulation was technically right, the effect of its action was no more than would have resulted from an amendment as to the character or capacity of the defendants, and the court, under the power as to amendments and the making of additional parties, could allow such an amendment.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. § 86; Dec. Dig. ☞41; Prohibition, Cent. Dig. §§ 37–56; Dec. Dig. ☞10.]

2. STIPULATIONS ☞14—DISMISSAL—OPERATION AND EFFECT.

Assuming that the stipulation and the subsequent proceedings against the defendants solely as executors amounted to a dismissal of the defendants as individuals, though no order or judgment of dismissal was made, the dismissal was one without prejudice, and not a final adjudication in

their favor; there having been no determination of the controversy between plaintiff and the defendants as individuals.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. ☞14.]

3. STIPULATIONS ☞14—STIPULATIONS TO DISMISS.

The stipulation did not show a contract of settlement and satisfaction of plaintiff's demand against the defendants as individuals.

[Ed. Note.—For other cases, see Stipulations, Cent. Dig. §§ 24–37; Dec. Dig. ☞14.]

4. PARTIES ☞65—BRINGING IN PARTIES AFTER DISMISSAL AS AGAINST THEM.

Where some of the defendants are dismissed from a case without prejudice, without a judicial determination or settlement of the cause of action against them, they may be brought back with leave of court, when justice requires, either at the same or a subsequent term, upon sufficient notice or process.

[Ed. Note.—For other cases, see Parties, Cent. Dig. §§ 100–107; Dec. Dig. ☞65.]

Original petition by Clarence Griggs and another for a writ of prohibition or mandamus. Application denied.

James A. Brown, of Fergus Falls, Minn., and Boys, Osborn & Griggs, of Streator, Ill., for petitioners.

Before HOOK, Circuit Judge, and AMIDON and VAN VALKENBURGH, District Judges.

HOOK, Circuit Judge. This is an application by Griggs and Nash for a writ of prohibition or mandamus to prevent the United States District Court for the District of Minnesota and the Hon. Page Morris, as judge thereof, from exercising jurisdiction over them in their individual capacities.

[1] One Nadeau commenced an action in a state court of Minnesota against Griggs and Nash individually and as executors of the will of Solomon E. King, deceased, to recover for services in securing a purchaser for lands of the King estate in Minnesota which the will authorized the executors to sell. The cause was removed to the federal court. The defendants lived in Illinois, the domicile of the testator, but the court had jurisdiction of them, both as individuals and as executors. During the trial a stipulation was made as follows:

"That this action is dismissed as to Clarence Griggs personally, and William W. Nash personally, and that judgment upon any verdict which may be rendered herein in favor of the plaintiff shall be entered against Clarence Griggs and William W. Nash as executors of the estate of Solomon E. King, deceased."

A verdict for plaintiff followed, and judgment was accordingly entered against defendants as executors. On a writ of error obtained by them from this court, the judgment was reversed and the cause was remanded for a new trial. Griggs v. Nadeau, 221 Fed. 381, 137 C. C. A. 189. It was held that without authority of a statute, the will, or an order of a probate court having jurisdiction, neither of which was shown in the petition, the executors could not bind the estate by such a contract of employment as plaintiff alleged, but his

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

remedy was against his employers individually. When the mandate of this court went down, and after the term at which the stipulation was made and the verdict and judgment were entered, the District Court vacated the stipulation, and ordered that the case stand against the defendants in both capacities, individual and representative. This proceeding is to prevent the court from resuming jurisdiction of defendants as individuals.

The petitioners rely particularly upon In re Metropolitan Trust Co., 218 U. S. 312, 31 Sup. Ct. 18, 54 L. Ed. 1051. There one Pollitz brought a suit in a state court against the Wabash Railroad Company, the trust company and others. The railroad company, alleging diversity of citizenship and a separable controversy between it and the complainant, caused the case to be removed to the United States Circuit Court. The complainant moved to remand, but his motion was denied. The trust company then demurred to the bill of complaint, the demurrer was sustained, and, the bill not being amended, a decree of dismissal was entered in its favor. Thereafter a final hearing upon the merits resulted in a decree of dismissal as to the other defendants. The complainant appealed from this last decree, but not from the decree in favor of the trust company. The Circuit Court of Appeals held there was no separable controversy, and that the motion to remand should have been granted. It reversed the decree appealed from, and sent the case back to be remanded to the state court. Complainant then moved the Circuit Court to vacate the decree in favor of the trust company and to embrace that company in the remanding order. The court vacated the decree, and the trust company applied to the Supreme Court for a writ of prohibition or mandamus to prevent the exercise of jurisdiction over it. The Supreme Court held that the Circuit Court, in passing on complainant's motion to remand, had jurisdiction to determine whether a separable controversy existed, and its decision was an act within its judicial authority, subject to review upon appeal after final decree; also that, having decided to retain the cause, it had jurisdiction to decide the demurrer of the trust company, as well as to try the other issues, and that its decree sustaining the demurrer and dismissing the trust company was not affected by the complainant's appeal to which it was not a party; also that, the term of court at which the decree in favor of the trust company was entered having expired, the Circuit Court was without jurisdiction to vacate it. A writ of mandamus was accordingly awarded.

[2, 3] There are some important differences between the case at bar and the case cited. Here no order or judgment of the court was made on the stipulation dismissing the defendants as individuals. But if it be assumed that the stipulation and the subsequent proceedings against defendants solely as executors should be given that effect, still it does not appear that the dismissal was other than a voluntary act. The controversy between the plaintiff and the defendants as individuals does not appear to have been determined by the court. Its judgment upon the merits, as disclosed either by the plaintiff's petition or by the proofs at the trial, is not recited to have been invoked by either party or to have been judicially declared. The dismissal of

the defendants in their individual capacities was in effect a dismissal without prejudice, and not a final adjudication in their favor. In Haldeman v. United States, 91 U. S. 584, 23 L. Ed. 433, there were pleas in bar of former judgments on the same cause of action. In some of the pleas the judgment relied on was "that the said suit is not prosecuted, and be dismissed." The court said:

> "This entry is nothing more than the record of a nonsuit, although the customary technical language is not used."

And the same effect was attributed to a judgment entry in the words "dismissed agreed." Ex parte Loung June (D. C.) 160 Fed. 251; Rincon Water & Power Co. v. Anaheim, etc., Co. (C. C.) 115 Fed. 543. Nor can it be reasonably contended that the stipulation shows a contract of settlement and satisfaction of the plaintiff's demand against the defendants as individuals. See Jacobs v. Marks, 182 U. S. 583, 21 Sup. Ct. 865, 45 L. Ed. 1241, where the order was:

> "This cause having been settled, it is hereby discontinued by consent of both parties, without cost to either party."

[4] Where some defendants are dismissed from a case without prejudice, without judicial determination or settlement of the cause of action against them, they may be brought back with leave of court, when justice requires, either at the same or a subsequent term, upon sufficient notice or process. The power of a trial court as to amendments and the making of additional parties is broad enough for the purpose. In the case here the mandate of this court directed a new trial, and when the case again arose in the District Court it stood as though originally begun against defendants only as executors. No limitations were imposed upon the power of that court under statute or general principles of law to authorize amendments. When the case was dismissed as to defendants individually, they did not wholly leave the jurisdiction of the court. They remained as executors, and whatever change or enlargement by amendment might lawfully be done in such a situation the court in its discretion was free to authorize. It is not an unusual proceeding to change by amendment the character or capacity of a defendant of whom jurisdiction has been obtained. It has been held that a complaint against a defendant in a representative character may be amended to stand against him as an individual. Lucas v. Pittman, 94 Ala. 616, 10 South. 603; McDonald v. Ward, 57 Conn. 304, 18 Atl. 51; Tighe v. Pope, 16 Hun (N. Y.) 180; Fuller v. Insurance Co., 12 How. Prac. (N. Y.) 293. Also that a complaint against a defendant personally may be amended to proceed against him in a representative capacity. Hutchinson v. Tucker, 124 Mass. 240. The power of a court in respect of amendments is very broad, and has been exercised upon the pleadings and parties in many ways. We see no reason why a petition against defendants as executors may not be amended to stand against them also as individuals. Whether the District Court in vacating the stipulation was technically right or not, the effect of its action is no more than would have resulted from an amendment with leave which the court had power to grant. The case is not one of clear absence of jurisdiction.

The application is denied.