## In re GRIGGS et al.

(Circuit Court of Appeals, Eighth Circuit. May 27, 1916.)

No. 165.

1. MANDAMUS ☞172—PROHIBITION ☞28—ABSENCE OF JURISDICTION.

On application for writ of prohibition or mandamus to prevent a lower court from exercising jurisdiction, neither the merits of the main case nor whether the action of the trial court is equitable is involved, but the sole inquiry is whether that court is clearly without jurisdiction; the writs being extraordinary remedies, which should not issue, unless the absence of jurisdiction be clear.

[Ed. Note.—For other cases, see Mandamus, Cent. Dig. §§ 381–385; Dec. Dig. ☞172; Prohibition, Cent. Dig. § 77; Dec. Dig. ☞28.]

☞For other cases see same topic & KEY-NUMBER in all Key-Numbered Digests & Indexes

2. APPEAL AND ERROR ⊜⊳1170(1)—REVIEW.—HARMLESS ERROR.

Rev. St. § 954 (Comp. St. 1913, § 1591), declaring that no summons or other proceeding, etc., shall be abated or reversed for any defect or want of form, but the court shall proceed and give judgment according to the right of the case and matter, covers every step of the case from summons to judgment, and is independent of state statutes and procedure, though it cannot supply a lack of jurisdiction.

[Ed. Note.—For other cases, see Appeal and Error, Cent. Dig. §§ 4032, 4066, 4454, 4540; Dec. Dig. ⊜⊳1170(1).]

On petition for rehearing. Petition denied, and former opinion affirmed.

For former opinion, see 227 Fed. 795, 142 C. C. A. 319.

James A. Brown, of Fergus Falls, Minn., and Boys, Osborn & Griggs, of Streator, Ill., for petitioners.

Before HOOK, Circuit Judge, and AMIDON and VAN VALKEN-BURGH, District Judges.

HOOK, Circuit Judge. Counsel misconceive the limited office of the writ they sought and the effect of the opinion of this court denying their application. The situation was as follows:

The defendants resided in Illinois. As executors they had procured ancillary letters in Minnesota where part of the estate of the testator was located. The plaintiff sued them in Minnesota, both as individuals and as executors, and real property of the estate in that state was attached. Instead of contesting the attachment and the jurisdiction of the court, they voluntarily entered their appearance in both capacities, and gave a bond to discharge the attachment. The case was defended upon the merits, the defendants participating as individuals until the stipulation was made for their dismissal in that capacity (in effect without prejudice) and that judgment upon any verdict for plaintiff should go against them as executors. The plaintiff secured a verdict and judgment accordingly. On a writ of error obtained by the executors from this court it was held they were not liable, notwithstanding the stipulation, and the cause was remanded for a new trial. The intent of the stipulation was defeated. At a subsequent term, when the case again arose in the trial court, the plaintiff moved to vacate the stipulation. Defendants appeared generally as executors and resisted the motion; as individuals they filed a special appearance and denied the jurisdiction of the court over them in that capacity. The trial court vacated the stipulation and reinstated the case against defendants as individuals. There is no question of lack of notice and opportunity to be heard upon the vacation of the stipulation, excepting that growing out of a distinction between the two capacities of the defendants. In effect they say that, while still in court as executors, they were beyond its jurisdiction as individuals.

[1] The application now in question was for a writ of prohibition or mandamus to prevent the trial court from exercising jurisdiction over the defendants in their individual capacities. On such an application the merits of the main case are not involved, nor whether

the action of the trial court is equitable or not. The sole inquiry on such an application is whether that court was clearly without jurisdiction, not whether it was likely to commit error while exercising it. And all we held was that under the circumstances it had a right, under its power to authorize amendments, or in analogy thereto, to allow the action to proceed against defendants as individuals. What that court could properly do afterwards is another matter; it was not before us and was not decided. If the law be that the case as stated in the original petition is not sustainable against defendants in both capacities, representative and individual, a contrary course would be erroneous; but the error would not be jurisdictional. The writ of mandamus is an extraordinary remedy, and to justify its issue the absence of jurisdiction should be plain and clear.

Our opinion does not conflict with the original opinion in the main case, reported in 137 C. C. A. 189, 221 Fed. 381. There the defendants sought a review of the judgment rendered against them as executors, and the plaintiff asked us to amend the judgment below, so that it would stand against the defendants as individuals. Obviously that request could not be granted, but what the trial court could or could not do after the case was remanded for a new trial was not before us, and there was no intention to decide in advance or to lay down a course for its procedure. The general language in that opinion to which attention is now directed was descriptive of the doctrine of Wetmore v. Karrick, 205 U. S. 141, 27 Sup. Ct. 434, 51 L. Ed. 745, which was cited. But in that case the action had come to an end by dismissal, and after what was equivalent to the expiration of the term the order of dismissal was vacated, the action was reinstated, and judgment was rendered against the defendant, without motion or proceeding to vacate, and without notice to him or process upon him. While here there was a formal proceeding, the defendants were still in court, as executors, it is true, and they had full opportunity to be heard in either or both of their dual capacities. The vital essentials of due process of law were not lacking, as in Wetmore v. Karrick, and as In re Metropolitan Trust Co., 218 U. S. 312, 31 Sup. Ct. 18, 54 L. Ed. 1051, they had no decree in their favor, they had not gone without day upon the merits.

In denying defendants' application for a writ of prohibition or mandamus we took the case as though it had been originally commenced against them as executors only. Perhaps this was unnecessary; but, even when so regarded, the action of the trial court involves a question which seems more properly referable to its amendatory power over pleadings and parties than to its jurisdiction. In some circumstances a person going into a foreign jurisdiction does not carry with him his representative character, as, for example, where he is a director of a corporation on whose business he is not bent (Remington v. Railroad, 198 U. S. 95, 25 Sup. Ct. 577, 49 L. Ed. 959); but if he goes officially it is difficult to see that he leaves himself personally at home beyond the reach of the notice which lies at the foundation of jurisdiction. Similar considerations apply when he is in a court of justice. In the case here defendants as executors opposed the vacation

of the stipulation, a matter in which they had no interest in their purely representative character; their denial of jurisdiction was by the same persons speaking as individuals.

[2] The authority of the courts of the United States under section 954, Rev. Stat. (Comp. St. 1913, § 1591), is of the very broadest character, and while it cannot be employed to supply a lack of jurisdiction it covers every step of a case from summons to judgment. McDonald v. Nebraska, 41 C. C. A. 278, 101 Fed. 171. The corresponding section of the Judiciary Act of 1789 (1 Stat. 91) "was designed to free the administration of justice in the federal courts from all subtle, artificial and technical rules and modes of proceeding in any way calculated to hinder and delay the determination of causes in those courts upon their very merits."

The power is independent of state statutes and procedure. Mexican Central R. Co. v. Duthie, 189 U. S. 76, 78, 23 Sup. Ct. 610, 47 L. Ed. 715. In Randolph v. Barrett, 16 Pet. 138, 10 L. Ed. 914, it appeared that defendant was not an administrator, as he was sued, but was executor, so the former designation was stricken out, and the latter substituted. McDonald v. Nebraska, supra, was first brought by an individual in his capacity as state treasurer, and, when it was determined he had no legal capacity to sue, the state was substituted in his stead. In Commissioners v. Bank of Commerce, 97 U. S. 374, 24 L. Ed. 1060, a judgment against defendants, described as commissioners of a county, was held sustainable against the county as the proper corporate body liable. In Van Doren v. Railroad, 35 C. C. A. 282, 93 Fed. 260, a plaintiff, who was both widow and administratrix, sued in the latter capacity, in which it was held she had no cause of action under the applicable statute; she was allowed to amend. In St. Louis & S. F. R. Co. v. Herr, 113 C. C. A. 578, 193 Fed. 950, plaintiff's cause of action was as heir of the decedent, and not as administrator, in which capacity he sued. It appeared he was both, and the judgment was allowed to stand on appeal. In Chicago G. W. Ry. Co. v. First Methodist Episcopal Church, 42 C. C. A. 178, 102 Fed. 85, 50 L. R. A. 488, it was held that a judgment in favor of the church in its corporate name was sustainable on appeal in favor of the trustees of the church, in whom was vested the legal title to its property. It was said that "this court would merely direct the substitution of the trustees of the church as plaintiffs in the action." True, these cases are not precisely like the one at bar; but it is not perceived that the difference presents a jurisdictional obstacle. There are cases in the state courts under reformed rules of procedure, some of which were cited in our former opinion, more nearly like the one here. Though not binding, they are persuasive of the intent of such legislation that form yield to substance in the administration of justice.

The petition for rehearing is denied.