GRIGGS et al. v. NADEAU.

(Circuit Court of Appeals, Eighth Circuit. April 17, 1918. Rehearing Denied June 20, 1918.)

No. 4972.

1. APPEAL AND ERROR ⬅➡671(6)—SETTLEMENT OF BILL OF EXCEPTIONS.

Where after reversal of a judgment against them as executors the trial court set aside a stipulation dismissing as to defendants individually, the refusal of the court to sign and allow a bill of exceptions setting forth the proceedings on motion to vacate the stipulation cannot be reviewed, as, after trial on the merits, defendants who brought error made no effort to have the proceedings on the motion incorporated in the bill of exceptions of the proceedings of the trial which was duly signed.

2. JUDGMENT ⬅➡646—REVIEW—LAW OF CASE.

Where after reversal of a judgment against defendants as executors the trial court set aside the stipulation executed on the first trial which dismissed the action against defendants as individuals, and the authority and jurisdiction of the trial court to dismiss the stipulation was upheld on defendant's application for prohibition or mandamus, the matter will not be reconsidered on a writ of error to review a judgment against defendants as individuals.

3. TRIAL ⬅➡193(1)—INSTRUCTIONS—EXPRESSION OF OPINION.

Where the judge correctly charged the jury that his expression of an opinion on the facts was in no wise binding on them, the expression of an opinion was not erroneous.

4. APPEAL AND ERROR ⬅➡999(1)—REVIEW—FINDINGS OF JURY.

A finding of the jury on an issue correctly submitted to them is conclusive on the appellate court.

In Error to the District Court of the United States for the District of Minnesota; Page Morris, Judge.

Action by E. E. Nadeau against Clarence Griggs and William W. Nash. There was a judgment for plaintiff, and defendants bring error. Affirmed.

Edward M. Griggs, of Streator, Ill. (James A. Brown, of Fergus Falls, Minn., on the brief, and Boys, Osborn & Griggs, of Streator, Ill., of counsel), for plaintiffs in error.

F. W. Murphy, of Wheaton, Minn., for defendant in error.

Before SANBORN, Circuit Judge, and TRIEBER and YOU-MANS, District Judges.

YOUMANS, District Judge. The facts in this case are not different from those stated in Griggs v. Nadeau, 221 Fed. 381, 137 C. C. A. 189. In that case defendant in error had recovered judgment against plaintiffs in error as executors. That judgment was reversed by this court on the ground that the law and testimony did not warrant a judgment against them as executors. It was stated in the opinion that, if the plaintiffs in error were liable at all, they were liable as individuals.

In the case of In re Griggs et al., 227 Fed. 795, 142 C. C. A. 319, this court refused an application for a writ of prohibition or mandamus against the trial judge on the following facts, as stated by Judge Hook:

"One Nadeau commenced an action in a state court of Minnesota against Griggs and Nash individually and as executors of the will of Solomon E. King, deceased, to recover for services in securing a purchaser for lands of the King estate in Minnesota which the will authorized the executors to sell. The cause was removed to the Federal court. The defendants lived in Illinois, the domicile of the testator, but the court had jurisdiction of them, both as individuals and as executors. During the trial a stipulation was made as follows: 'That this action is dismissed as to Clarence Griggs personally, and William W. Nash personally, and that judgment upon any verdict which may be rendered herein in favor of the plaintiff shall be entered against Clarence Griggs and William W. Nash as executors of the estate of Solomon E. King, deceased.'

"A verdict for plaintiff followed, and judgment was accordingly entered against defendants as executors. On a writ of error obtained by them from this court, the judgment was reversed, and the cause was remanded for a new trial. Griggs v. Nadeau, 221 Fed. 381, 137 C. C. A. 189. It was held that without authority of a statute, the will, or an order of a probate court having jurisdiction, neither of which was shown in the petition, the executors could not bind the estate by such a contract of employment as plaintiff alleged, but his remedy was against his employers individually. When the mandate of this court went down, and after the term at which the stipulation was made and the verdict and judgment were entered, the District Court vacated the stipulation, and ordered that the case stand against the defendants in both capacities, individual and representative. This proceeding is to prevent the court from resuming jurisdiction of defendants as individuals."

A rehearing on the application for the writ was denied. In re Griggs et al., 233 Fed. 243, 147 C. C. A. 249.

After the denial of the writ the cause went to trial, and Nadeau recovered judgment against the plaintiffs in error as individuals.

Plaintiffs in error again raise the question of the power of the trial court to set aside the stipulation and to reassume jurisdiction of them as individuals.

[1] The action of the trial judge in refusing to sign and allow a bill of exceptions setting forth the proceedings on the hearing of the motion of the defendant in error to set aside and vacate the stipulation is assigned as error. This refusal occurred on November 17, 1916. Afterwards, on November 18, 1916, the trial of the cause was begun, and terminated in a verdict and judgment for Nadeau on November 21, 1916. On the 18th of April, 1917, the trial judge signed the bill of exceptions of the proceedings of that trial. It was filed on the same day. It does not contain any part of the proceedings relating to the motion to vacate the stipulation. So far as the record discloses, there was no effort on the part of plaintiffs in error to have the proceedings on the hearing of the motion to vacate the stipulation incorporated in the bill of exceptions signed by the trial judge.

[2] But, if the record were in such condition that the action of the court in vacating the stipulation could be reviewed, the question has been determined by the court on the application above referred to by plaintiffs in error for a writ of prohibition or mandamus. Judge Hook, speaking for the court in the opinion above referred to (227 Fed. 798, 142 C. C. A. 322), on that application said:

"Where some defendants are dismissed from a case without prejudice, without judicial determination, or settlement of the cause of action against them, they may be brought back with leave of court, when justice requires, either at the same or a subsequent term, upon sufficient notice or process. The power of a trial court as to amendments and the making of additional parties is broad enough for the purpose. In the case here the mandate of this court directed a new trial, and when the case again arose in the District Court it stood as though originally begun against defendants only as executors. No limitations were imposed upon the power of that court under statute or general principles of law to authorize amendments. When the case was dismissed as to defendants individually, they did not wholly leave the jurisdiction of the court. They remained as executors, and whatever change or enlargement by amendment might lawfully be done in such a situation the court in its discretion was free to authorize. It is not an unusual proceeding to change by amendment the character or capacity of a defendant of whom jurisdiction has been obtained. It has been held that a complaint against a defendant in a representative character may be amended to stand against him as an individual (Lucas v. Pittman, 94 Ala. 616, 10 South. 603; McDonald v. Ward, 57 Conn. 304, 18 Atl. 51; Tighe v. Pope, 16 Hun [N. Y.] 180; Fuller v. Insurance Co., 12 How. Prac. [N. Y.] 293); also that a complaint against a defendant personally may be amended to proceed against him in a representative capacity (Hutchinson v. Tucker, 124 Mass. 240). The power of a court in respect of amendments is very broad, and has been exercised upon the pleadings and parties in many ways. We see no reason why a petition against defendants as executors may not be amended to stand against them also as individuals. Whether the District Court in vacating the stipulation was technically right or not, the effect of its action is no more than would have resulted from an amendment with leave which the court had power to grant. The case is not one of clear absence of jurisdiction."

[3] It is assigned as error that the trial judge expressed to the jury his opinion as to the insufficiency of the evidence to show that Nadeau had placed himself in a position antagonistic to his clients, the plaintiffs in error in this case.

The court had already instructed the jury as follows:

"* * * When I state my own view as to any fact resting upon the testimony here, gentlemen, I hope you will understand that it is not controlling upon you; it is simply in the way of advice and guidance by the court. The jury (in every case in which facts are submitted to the jury) are the exclusive judges of what the testimony shows to be the fact; and if I should express any opinion in regard to any fact which I think this testimony discloses, bear in mind it is only advisory, and you have a right to disregard it, if you do not agree with it, and, indeed, it is your duty to disregard it, if you do not agree with it."

The jury could not have been misled by the expression of opinion by the court. An expression of opinion as to the facts is permissible in the federal courts, if the rules of law are correctly laid down, and if the jury are given to understand that they are not bound by such opinion. Simmons v. United States, 142 U. S. 148, 12 Sup. Ct. 171, 35 L. Ed. 968; Doyle v. Railway Co., 147 U. S. 413, 13 Sup. Ct. 333, 37 L. Ed. 223; Allis v. United States, 155 U. S. 117, 123, 15 Sup. Ct. 36, 39 L. Ed. 91.

[4] It is also contended by counsel for plaintiffs in error that the face of the record shows that Nadeau did not act in good faith as agent for plaintiffs in error. We do not think it can be so decided as a matter of law. That question was submitted to the jury on instruc-

tions which correctly stated the law on the proposition. The finding of the jury is conclusive on that point.

We have considered all of the other assignments of error, and find that they are without merit.

The judgment of the court below must be affirmed.